the action against the landlord for an eviction the tenant had already paid $160 rent. under the lease. *Held*, that a verdict of $200 damages for the eviction was fairly warranted.

Appeal from Westchester county court; ISAAC N. MILLS, Judge.

Action by George C. Carter against John H. Byron for an eviction. Defendant appeals from a judgment in favor of plaintiff and from an order denying a new trial.

Argued before BARNARD, P. J., and PRATT, J.

*P. L. McLellan*, for appellant. *Sanford & Stilwell*, for respondent.

BARNARD, P. J. The plaintiff hired of the defendant a dwelling and lot,. 50x105 feet, for one year, from the 1st of April, 1887, to the 1st of April, 1888, at $20 per month, payable in advance. About the middle of May, 1887, the defendant erected a fence in front of the premises in the place of the old fence, but. cut off 17x105 feet from the lot leased to plaintiff. The premises were leased for laundry purposes, to the knowledge of the landlord. The cutting off the land in question destroyed four out of the five lines used by the plaintiff for his business in drying and bleaching clothes. The plaintiff protested against the trespass, but it was carried out, notwithstanding his protests. He sought to hold back the rent because of the fencing away of his land, but proceedings were taken to dispossess him, and he paid the rent under an agreement with the plaintiff's agent that the only way to do was to pay the rent, "and proceed against" the defendant for the wrong done. Upon the trial, the only question of fact presented was whether or not the plaintiff consented to the building of the fence when it was built. The jury have found that he did not, and this agrees with the evidence. The only consent, it is apparent, was that a new fence be put in place of the old one, and that he should still have the 50x105 feet. The damages are not so clearly proven to the amount found, but still, I think, sufficiently, under the circumstances of the case. The rent was $20 per month, of which eight months had been paid. The laundry business had been destroyed in efficiency by four-fifths. The amount of the loss is not specifically proven. The rent could not be collected while an eviction of part of the premises existed. The plaintiff is not bound to vacate the premises. He holds them by agreement, and can stay, relying upon his agreement, and recover damages if the agreement is broken. A wrongful eviction from part of the premises suspends the rent. There can be no apportionment. The whole rent is suspended until possession is restored. *Christopher* v. *Austin*, 11 N. Y. 216. The trespass was willful. It was done in defiance of the plaintiff. The premises were destroyed as laundrying premises. One hundred and sixty dollars rent had been paid. The amount of the verdict of $200 was therefore fairly proven. Judgment affirmed, with costs.

PRATT, J., concurs.

---

KEAIRNS *v.* CONEY ISLAND & B. R. CO.

(*Supreme Court, General Term, Second Department.* June 25, 1888.)

NEGLIGENCE—PLEADING—BILL OF PARTICULARS.

    Plaintiff alleged in his complaint that he was the driver of one of defendant's cars, and was, through defendant's negligence, injured by being thrown from the car, which "was out of repair, and in an unsafe condition;" and another averment, on information and belief, specifies certain particulars in which it was out of repair and in an unsafe condition. *Held*, that an order requiring plaintiff to stipulate that he would give no testimony as to any defects other than those specified in the complaint, or to furnish a bill of particulars setting out all alleged defects, was proper.

Appeal from special term, Kings county; CHARLES F. BROWN, Justice.

Action by James Keairns, an infant, by his guardian *ad litem*, Michael Keairns, against the Coney Island & Brooklyn Railroad Company, for injuries

sustained by plaintiff being thrown from one of defendant's cars, upon which he was employed as driver. Plaintiff appeals from an order requiring him to stipulate to give no testimony as to any defects in the running-gear or platform of the car other than those specified in his amended complaint, and, in default of his so stipulating, that he furnish a bill of particulars setting forth in full and in detail the claim of the plaintiff, specifying in what the negligence of the defendant consisted.

Argued before BARNARD, P. J., and PRATT, J.

*Carpenter & Roderick,* for appellant.     *Bergen & Dykman,* for respondent.

BARNARD, P. J. This action is brought to recover damages occasioned, as alleged, by defendant's negligence. The plaintiff is a car-driver upon defendant's road. The complaint contains an exceedingly general averment of negligence, in that the car he was driving was "out of repair, and in an unsafe and dangerous condition." The complaint subsequently particularizes the defect, as to state that "on the plaintiff's information and belief, that the dangerous and unsafe condition of said car was caused by the running-gear of said car being defectively constructed and out of repair; the ratchet-wheel and dog being insufficient and out of repair, the brake-shore and brake-chain not properly adjusted and out of repair, the platform of said car being out of repair, and said car not being supplied with a brake-guard, brake-rail, or dash-board,—in consequence of which dangerous and unsafe condition the said car could not be safely operated." It is uncertain whether the specific defects named in the running-gear and platform are all the defects relied on by plaintiff to make out his cause of action. The defendants, to prepare for trial, should know where the negligence consists which is to be the ground of recovery against the defendants. The order, therefore, is just and reasonable. If the plaintiff has in view the existence of defects which he could prove, under general allegations of negligence, other than those he has named in the complaint, he should furnish a specification of them to the defendant. If he has no such proof, the order does not touch him, for it is only in case of default, "except those set forth in the amended complaint," that he is to give a bill of particulars. The order should therefore be affirmed, with costs and disbursements.

PRATT, J., concurs.