## O'HARA *v.* EHRICH *et al.*

*(Superior Court of New York City, General Term.* June 27, 1890.)

PLEADING—BILL OF PARTICULARS.

A complaint alleged that the negligent act of defendants that caused the death of plaintiff's intestate was the "shutting down the doors over a certain shaft or elevator way," and "the negligent and imperfect construction, management, and operation of said elevator thereat by defendants." *Held,* that defendants were entitled to a bill of particulars showing in what respect the elevator was negligently or imperfectly constructed, managed, or operated.

Appeal from special term.

Action by Margaret J. O'Hara against Samuel W. Ehrich and others to recover damages for the death of her intestate. Defendants appeal from an order denying their motion for a bill of particulars.

Argued before FREEDMAN and TRUAX, JJ.

*Samuel W. Weiss,* for appellants.    *Harvey Weed,* for respondent.

TRUAX, J. Counsel for plaintiff, in his brief on this appeal, stated that the plaintiff alleged the negligent act of the defendants that caused the death of the plaintiff's intestate was the "shutting down the doors over a certain shaft or elevator way." This statement by counsel is not correct. The complaint does not contain such an allegation, but it adds to it the allegation, "and the negligent and imperfect construction, management, and operation of said elevator thereat by defendants." The allegation that plaintiff's intestate was killed by reason of the negligent and imperfect construction, management, and operation of the elevator is not particular enough. In what r spect was the elevator negligently and improperly constructed? In what respect was it negligently and improperly managed and operated? Or, rather, in what respects does plaintiff expect to prove that the elevator was negligently and improperly constructed, managed, and operated? is a question that plaintiff should answer before defendants are brought to trial. *Lahey* v. *Kortright,* 55 N. Y. Super. Ct. 156. If plaintiff cannot show in what respect she expects to prove that defendants were negligent, she cannot recover in this action. The mere happening of the accident does not place upon the defendants the burden of showing that it did not happen through their negligence. Order reversed, with costs, and plaintiff ordered to furnish within 10 days from the service of a copy of this order a bill of particulars showing in what respect the elevator mentioned in the complaint was negligently or imperfectly constructed, managed, or operated, with $10 costs to the defendant to abide the event of this action.