### DONOHUE *v.* MEARES *et al.*

(*Supreme Court, General Term, First Department.* June 29, 1892.)

BILL OF PARTICULARS—ACTION FOR NEGLIGENCE—MATTERS PECULIARLY WITHIN DEFENDANT'S KNOWLEDGE.

Where it was alleged in an action by an administrator to recover damages for the death of decedent, who was burned to death while engaged as an employe in defendant's hotel, that defendant was negligent in that he failed to provide decedent a safe place in which to sleep, and that the means of egress from the hotel in case of fire were insufficient, there was no abuse of discretion in denying a motion for a bill of particulars under Code Civil Proc. § 531, defendant having better knowledge of the respects in which he was negligent than plaintiff.

Appeal from special term, New York county.

Action by Frank Donohue, administrator of Elizabeth Donohue, deceased, against Richard Meares and another. From an order denying his motion for a bill of particulars, Meares appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*William Allan,* for appellant. *Solon P. Rothschild,* for respondent.

O'BRIEN, J. This action is brought to recover $5,000 damages under the statute by reason of the death of the plaintiff's intestate, Elizabeth Donohue, caused, as alleged in the complaint, "by, through, and by reason of the fault, neglect, and want of care of the defendants, their agents and servants, and particularly through the fault, neglect, and want of care of the defendant Meares, his agents and servants, in failing to provide a suitable or reasonably safe place for said Elizabeth Donohue, who was then an employe of said defendant Meares, to sleep in, and also through the fault, neglect, default, and want of care of said defendants Israel and Meares in failing to provide reasonably safe means of egress in case of fire or accident in and about said buildings and premises." The defendant Israel, who was the landlord and owner of the premises, interposed an answer to this complaint; but the defendant Meares, who was the tenant in possession and engaged in running the hotel, moved for a bill of particulars of the plaintiff's claim, and asked that he be required to state—*First,* what the fault, neglect, and want of care of the defendant Meares consisted of; *second,* in what respects and particulars said defendant Meares failed to provide a suitable or reasonably safe place for said Elizabeth Donohue to sleep in; *third,* what the alleged fault, neglect, default, and want of care of said defendants Israel and Meares, in failing to provide reasonably safe means of egress in case of fire or accident in or about the buildings and premises described in the complaint consisted of; and that, in default of delivery of such bill of particulars, plaintiff be precluded from giving evidence at the trial of this action in support of such particulars. This motion was made under section 531 of the Code, which provides that the court may in any case direct a bill of particulars of the claim of either party to be delivered to the adverse party. The motion was denied, as stated in the opinion of the learned judge making the order, upon the ground that "it sufficiently appears by the complaint that the imputed negligence was the want of sufficient means of egress from the building, and a bill of particulars is not required." With this disposition of the motion we see no just cause for interference. When we consider the parties to the action, their means of knowl-

edge respectively, and the facts appearing by the moving and opposing affidavits, we think a question was fairly presented for the exercise of the discretion which by the Code is vested in the court to whom the application is made for particulars, and the exercise of which should not be disturbed unless the same has been abused. While the power of the court to order bills of particulars extends to all descriptions of actions, we think that caution should be exercised in requiring bills of particulars in actions for negligence, and particularly where the action is brought, not by the person injured, but, as here, by one claiming in a representative capacity. Where the negligence alleged results in death, and the action is brought by an administrator, the latter ordinarily is obliged to obtain his evidence and facts from sources other than his own personal knowledge, and a defendant is ordinarily in possession of facts bearing upon the cause of death charged through his negligence. No rule can be formulated with respect to any class of cases, much less with respect to actions of negligence, as to when a bill of particulars will be required, it being necessary to determine upon the facts presented upon the application in each case whether it should be granted or denied. Here the charges are not as vague and general as contended for by appellant, it being evident from a reading of the complaint, and a fair construction to be given thereto, that the negligence imputed to the defendants has been limited by the allegations charging the defendant with failing to provide a suitable or reasonably safe place for plaintiff's intestate to sleep in, and in failing to provide reasonably safe means of egress in case of fire or accident. The building having been entirely destroyed by fire, it is evident, from plaintiff's relation to the building, as is made more clear by the affidavits used upon the motion, that the defendant Meares, with respect to the information sought, has better knowledge thereof than by any possibility could the plaintiff. What provision was made for the sleeping apartments of employes, what means of egress were afforded, these were matters that daily came under the defendant's notice, and in respect to which it is not conceivable how he could be benefited by any knowledge or information derived from the plaintiff. We think the purpose of the motion was not to acquire any such knowledge, but was intended to limit the plaintiff to specific acts, and thus deprive him of the benefit of information which, though now in the possession of the defendant, may not at this time be in the possession of plaintiff, and which, if obtained before the trial, would be available to him in maintaining his action. This is not the office of a bill of particulars. We see no grounds for interfering with the conclusion reached by the learned judge below, and the order appealed from should therefore be affirmed, with $10 costs and disbursements.