### LUSBIE v. MEARES et al.

*(Supreme Court, General Term, First Department. June 29, 1892.)*

BILL OF PARTICULARS — ACTION FOR NEGLIGENCE—MATTERS PECULIARLY WITHIN DEFENDANT'S KNOWLEDGE.

In an action by an administrator to recover damages for the death of decedent by burning, alleged to have been caused by the negligence of defendant in the care and management of his hotel, and by reason of its improper construction and his failure to provide proper means of egress in case of fire, there was no abuse of discretion in denying a motion for a bill of particulars under Code Civil Proc. § 531, it appearing from defendant's evidence in an investigation before the coroner that he was thoroughly familiar with the construction of the hotel and its care and management.

Appeal from special term, New York county.

Action by James H. Lusbie, administrator of Oakley B. Lusbie, deceased, against Richard Meares and another. From an order denying his motion for a bill of particulars under Code Civil Proc. § 531, Meares appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*William Allan*, for appellant.　*J. Stewart Ross*. (*Solon P. Rothschild*, of counsel,) for respondent.

O'BRIEN, J.　The question presented upon this appeal is similar to that involved in the case of *Donohue* against *The Same Defendant*, 19 N. Y. Supp. 585, (argued at this term of the court, and a decision in which is herewith handed down.)　This will render unnecessary a discussion of what we regard to be the considerations which should control in determining a motion for a bill of particulars in actions of negligence.　It is true that the particulars sought in this are necessarily different from those asked for in the *Donohue Case*, because the complaints in each case are themselves different.　This complaint alleges that plaintiff's intestate died "by reason of carelessness and negligence [of the defendants,] their agents or servants, in the care, management, and conduct of the hotel, and by reason of the improper construction of said building used for hotel purposes, and of the want of proper appliances, conveniencies, and appurtenances essential to the safety of the guests thereof, and required by law, and by reason of the negligence and carelessness of the defendant Heiman Israel, or want of care on his part, and of his failure to furnish proper and necessary means of escape from said building in case of fire, as required by law."　In this, as in the *Donohue Case*, it was shown that the whole subject of the causes leading to the fire and the death of the inmates at that time of the hotel was the subject of an investigation before a coroner, in which the defendant here moving furnished undoubted evidence that he was thoroughly familiar with everything relating to the care and management of the hotel and the construction of the building, and the appliances used and appurtenances supplied for the safety of the guests, together with the means of escape from the building in case of fire.　Though the allegations of this complaint are broader and more general than those in the *Donohue Case*, we think, in view of the knowledge possessed by the defendant, and of the other facts appearing by affidavit, and for the reasons assigned by the judge in his opinion, that the discretion vested in him was not improperly exercised in denying the motion, and with that disposition we should not interfere.　The order appealed from should therefore be affirmed, with $10 costs and disbursements.