REDMOND v. BUCKLEY.

*(Supreme Court, General Term, Third Department.* November 22, 1892.)

**BILL** OF PARTICULARS—WHEN GRANTED—ACTION FOR NEGLIGENCE.

The complaint in an action for personal injuries alleged that a derrick belonging to defendant was left untied without notice to plaintiff, an employe of defendant, and that by the incompetency of defendant's employes in charge of the derrick it was allowed to swing against plaintiff with such force as to throw him 18 feet. It

was further alleged that plaintiff's leg was fractured; that he was bruised about the legs and body, and confined to his bed for six weeks, and that he was still lame, and suffered great pain. A bill of particulars subsequently filed stated which derrick belonging to defendant caused the accident. *Held*, that defendant was sufficiently informed as to the cause of the injury, the character of the alleged incompetency of defendant's servants, the identity of the servants, and the injuries received, and a further bill of particulars was rightly refused.

Appeal from special term, Albany county.

Action by John Redmond against Peter H. Buckley to recover damages for personal injuries sustained while in defendant's service. From an order denying in part his motion for a bill of particulars, defendant appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM, J.

*Edward W. Douglas,* (*Matthew Hale,* of counsel,) for appellant. *James C. Matthews,* for respondent.

PUTNAM, J. This is an appeal from an order denying (in part) a motion made by defendant for a bill of particulars. I agree with the contention of counsel for appellant that a bill of particulars, when asked for, should be granted in any action where justice demands that the moving party should be apprised of the matter he is required to answer with greater particularity than is required by the rules of pleading. It has been determined, however, that it is not the office of a bill of particulars to disclose the evidence relied on by a plaintiff to establish the allegations of his complaint. *Ball* v. *Publishing Co.*, 38 Hun, 11. The question for consideration is, did the special term properly exercise the discretion vested in it in refusing (in part) to grant the defendant's motion ? In other words, did justice require that defendant should have any further particulars than are given by the order appealed from ?

1. The pleading sufficiently describes the injury plaintiff received. One leg was fractured, and he was bruised about the legs and body, and in consequence of his injuries was confined to his bed about six weeks, unable to work, and is still lame, and suffers and has suffered great pain.

2. The complaint definitely states the cause of the injury. Defendant's derrick was left untied, without giving plaintiff notice, and was allowed to swing against him with such force as to throw him about 18 feet. Thus the negligence alleged on the part of the defendant as producing the injury is the leaving of the derrick untied, and allowing it to swing against plaintiff.

3. The bill of particulars served in pursuance of the order appealed from shows which derrick it was that caused the injury, the complaint alleging that the accident was owing to the incompetency of the men in charge of that derrick. It is not necessary for the plaintiff to give the names of the men thus in charge of said machine. The derrick being named, the defendant must know, or has the means of ascertaining, the names of his employes in charge of such derrick, whom plaintiff claims were so incompetent. A bill of particulars will not be granted of facts presumably within the knowledge of the moving party, or which he has the means of ascertaining. *Fink* v. *Jetter,* 38 Hun, 163. Thus, in the above regards the defendant requires no further particulars.

4. I am of the opinion that the allegation in the complaint that the accident was caused by the incompetency or unskillfulness of defendant's servants in charge of the derrick, to the knowledge of defendant, is sufficiently definite and certain in that respect, and that plaintiff should not be called on to give further particulars. To compel plaintiff to state in what regard defendant's servants who caused the injury are incompetent would require him to give the evidence by which he expects to prove their incompetency and unskillfulness. On the trial plaintiff may be able to show that the men in charge of the derrick in question were ignorant as to the manner of using one, incompetent persons, unfit to take charge of such a machine, and that such facts

were known to defendant. Possibly plaintiff can show that the men had been in charge of the derrick some time; that they had proved careless, reckless, and ignorant; that other accidents had occurred; that defendant had seen the manner in which they discharged their work. It is difficult to see how any particulars could be given as to such incompetency or unskillfulness of the men, as alleged in the complaint, unless the evidence should be stated. I think the statement in the complaint sufficient to apprise defendant of the facts claimed by plaintiff, and that justice does not demand any further or more definite information as to the cause of action.

My attention has been called to the case of *Donohue* v. *Meares*, 19 N. Y. Supp. 585, recently decided by the general term of the first district, the doctrine laid down in which I think substantially sustains the views above advanced.

The order should be affirmed, with costs.