rule is modified where it is apparent from the agreement that no notice or hearing was contemplated, (Wiberly v. Matthews, 91 N. Y. 648; Bedell v. Kennedy, 38 Hun, 512.)   In the last case this point was concurred in by all the court, and is affirmed by the court of appeals.   Bedell v. Kennedy, 109 N. Y. 158, 16 N. E. 326.   It is not necessary now to determine this question, as it appears by undisputed proof that defendant, with one of the plaintiffs, consulted with the arbitrator, after his selection, as to his willingness to act; and, after the latter had exacted a stipulation that he should not be compelled to determine upon conflicting testimony, a day, and practically the hour, was fixed for the hearing, in defendant's presence.   He did not appear,—whether as the result of an agreement that he was not to appear or otherwise is of no moment, as he then knew when the hearing would take place, and it was had in pursuance of the arrangement then made.   He had the same notice that plaintiffs had, and the same opportunities for being heard.   Having failed to avail himself of the opportunity, and having consented when the hearing should take place, he must be held to have waived notice of it, and is bound by the determination.   Wiberly v. Matthews, 91 N. Y. 648; Day v. Hammond, 57 N. Y. 479; In re Hughes, 93 N. Y. 512; Bedell v. Kennedy, 109 N. Y. 153, 16 N. E. 326; Brown v. Lyddy, 11 Hun, 454.

It is further urged that the arbitrator was not sworn.   This is not a jurisdictional defect, but one that may be waived.   Cutter v. Cutter, 48 N. Y. Super. Ct. 470.   At the most, it is an irregularity, and, in order to be available, a motion to set aside the award is necessary, or, as was held in Day v. Hammond, 57 N. Y. 484, advantage could be taken of the defect by answer when an attempt was made to enforce the award.   No motion was made to set it aside, nor is the question raised by answer.   It must therefore stand as conclusive in this action.   A careful examination of all the points raised by defendant convinces my mind that none are available to defeat plaintiffs' recovery in the action.   Judgment is therefore ordered for plaintiffs, with costs.

Judgment for plaintiffs, with costs.

---

(6 Misc. Rep. 422.)

### McCARTHY v. LEHIGH VAL. R. CO.

(Superior Court of Buffalo, Special Term.   January, 1894.)

PLEADING—BILL OF PARTICULARS—ACTION FOR NEGLIGENCE.

In an action for causing the death of plaintiff's intestate while employed by defendant as a brakeman, the complaint alleged that while decedent was assisting in operating his train defendant so negligently operated it and other trains through incompetent servants, and under insufficient rules, and with unsafe appliances, and over defective tracks, of all of which defendant had knowledge, that he was killed by a locomotive of said defendant.   *Held*, that a bill of particulars would be required specifying the train on which deceased was employed when he was killed, and the other train mentioned, and in what defendant's alleged negligence in operating them consisted, what locomotive killed decedent, at what places the track was unsafe, what rules and regulations were insufficient, and what appliances were unsafe, and in what particular.

Action by Mrs. McCarthy, administratrix of Martin McCarthy, deceased, against the Lehigh Valley Railroad Company to recover damages for the death of plaintiff's intestate. Defendant moves to compel plaintiff to furnish a bill of particulars. Granted.

John Laughlin, for plaintiff.

Martin Cary, for defendant.

HATCH, J. This action is brought to recover damages claimed to arise out of negligent acts by defendant causing the death of plaintiff's intestate. The allegations of negligence are found in the fourth subdivision of plaintiff's complaint, which reads:

"That on or about the 12th day of January, 1892, said Martin McCarthy was employed by defendant as a brakeman on a certain train of cars of defendant, and was engaged in assisting in operating said train of cars between said city of Buffalo and said city of Hornellsville. That on said last-mentioned day, and in the town of Castile, county of Wyoming, and state of New York, the defendant so carelessly and negligently operated its said train of cars and certain other of its trains and locomotive engines through incompetent, inexperienced, and careless servants and employes, and under insufficient and improper rules and regulations, and with defective, insufficient, and unsafe appliances, rolling stock, and equipments, and over dangerous, crooked, uneven, defective, and unsafe tracks and roadbed and otherwise, of all of which facts and omissions defendant had knowledge, that said Martin McCarthy was killed by a locomotive engine of said defendant, so carelessly and negligently operated by said defendant as aforesaid; and that said Martin McCarthy was killed as aforesaid, without any negligence or carelessness on his part."

It is seen that the allegations of negligence are of the most general character, and so uncertain respecting identity, place, time, and acts as to be indefinite. The rule is unhesitatingly concurred in that caution should be exercised in ordering a bill of particulars in actions of negligence, and especially so when the action is brought in a representative capacity. Donohue v. Meares, (Sup.) 19 N. Y. Supp. 585. But parties are at all times entitled to be fairly apprised of the charge they are required to meet. The most cursory analysis of this complaint shows, as defendant's attorney avers, that it is quite in the dark respecting the acts complained of. The accident happened nearly two years ago, when defendant was operating its trains over the tracks of another road. The allegation of the complaint is that defendant was operating a certain train of cars, etc., between Buffalo and Hornellsville, in the town of Castile, etc., and negligently and carelessly operated it, etc. The character of the train is not given, nor its number, or any fact from which its identity can be established, and no light is given as to the particular time when, or place where, the accident happened. It is at once seen that a railroad operating a large number of trains might have great difficulty in identifying the particular train or locomotive and crew of men responsible therefor, as also the place where the disaster occurred. The supreme court has said that in these particulars the party is entitled to information. Kerch v. Railroad Co., 14 N. Y. St. Rep. 446. The same rule applies respecting the allegations regarding the certain other trains and locomotives, and also regarding the place where the track was defective and unsafe; otherwise defend-

ant would not be safe, unless prepared to show at the trial in what manner all its trains were operated on that day, and the condition of its entire road between Buffalo and Hornellsville. As it does not appear, or necessarily follow, that the defective track was at the place of the accident, it might have been elsewhere, and still be a proximate cause of the injury. Defendant is also entitled to know in what respect the train was carelessly and negligently operated, likewise the same respecting the certain other of its trains and locomotive engines. There is not here stated a single act that was done or omitted. Defendant is entitled to know what the acts are which plaintiff characterizes negligent. O'Hara v. Ehrich, (Super. N. Y.) 11 N. Y. Supp. 52. Defendant is also entitled to know what rules and regulations are insufficient and improper, and what appliances, rolling stock, and equipments were unsafe and insufficient, and the particulars thereof. Kearns v. Railroad Co., (Sup.) 1 N. Y. Supp. 906. When the defendant is advised in the matters above specified, it will doubtless have as much knowledge respecting the competency and character of the men employed on its trains as the plaintiff. It is presumed to have knowledge of the persons in its employ. In this, therefore, it ought to possess knowledge equal, if not superior, to that possessed by plaintiff; consequently it is not entitled to further information in that regard, at least upon the present papers. Donohue v. Meares, (Sup.) 19 N. Y. Supp. 585. The order will therefore be that plaintiff furnish particulars specifying what certain train of cars, upon which deceased was employed, defendant was engaged in operating when deceased came to his death; also what certain other trains of cars and locomotives mentioned defendant was engaged in operating, and what locomotive killed deceased; where, in the town of Castile, the said train was being operated, and at what place or places the track was defective and unsafe; in what the negligence of the defendant consisted in the operation of the train upon which deceased was employed, and also in what the negligence consisted in the operation of the certain other trains and locomotives mentioned; what rules and regulations are insufficient and improper; what appliances, rolling stock, and equipments were unsafe and insufficient, and in what particular. Let an order be entered in conformity herewith, no costs of this motion allowed to either party. Order accordingly.