NETTIE M. STILLMAN, as Administratrix, etc., of ARTHUR B. STILLMAN, Deceased, Appellant, *v.* BRUSH ELECTRIC LIGHT COMPANY of Rochester, Respondent.

*Negligence — a trimmer of electric lamps killed by electricity — what bill of particulars a plaintiff suing as administratrix may be compelled to furnish.*

The complaint in an action alleged that the defendant supplied electricity in the city of Rochester; that the plaintiff's intestate was a trimmer of lamps in the employ of the defendant; that the defendant negligently maintained, as a part of its plant, a certain lamp in a store of an imperfect and obsolete design and construction; that it did not have certain improved appliances and attachments which were in general use and were necessary for the safety of persons who had occasion to handle or trim the lamps; that the switch and wires maintained in connection with such lamps were defectively constructed and insufficiently insulated, and that the insulating covering was imperfect; that upon a day named the intestate, while discharging his duties as trimmer, was killed by a current of electricity without fault upon his part and because of the negligence of the defendant.

The defendant applied for a bill of particulars.

*Held,* that the plaintiff might properly be required to state what approved appliances and attachments were in general use at the time of the death of the plaintiff's intestate which were not upon the lamp in question;

That the plaintiff should not be required to state in what respect the lamp was negligently maintained or defectively constructed or where the electric current was grounded upon the circuit or in what manner it was related to the death of the intestate.

APPEAL by the plaintiff, Nettie M. Stillman, as administratrix, etc., of Arthur B. Stillman, deceased, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 28th day of August 1895, directing the plaintiff to furnish a bill of particulars.

*Peter H. Van Auken*, for the appellant.

*George F. Yeoman*, for the respondent.

WARD, J.:

The plaintiff in her complaint alleges that on March 10, 1893, the defendant was the owner of certain real estate, buildings, machines, dynamos, wires and other appliances used in the generation and supplying of electricity for the city of Rochester; that the defendant negligently maintained as a part of its said plant for electric lighting purposes a certain lamp in the store of Garson, Myer & Co. of an imperfect and obsolete design and construction, and which did not have thereon certain improved appliances and attachments, which at said date, and long prior thereto, were and had been in general use in other cities in this country, and which were necessary at all times therein mentioned for the safety of persons who, in the exercise of reasonable and ordinary care, had occasion to handle said lamp and to repair and trim the same; that defendant negligently maintained said lamp with a defective switch and other wires defectively constructed, and in close proximity to certain gas jets and lines of metal pipe without having in, upon and around said lamp and its connecting line of wire adequate and proper insulation and protection; that the defendant negligently maintained upon its said line of wire and circuit connected with said lamp in the store of Garson, Myer & Co. a large number of arc lamps for electric lighting purposes which require the transmission of an electric current of great strength and intensity and dangerous to human life; that the defendant at all times therein mentioned negligently maintained the same without providing wire properly insulated for the transmission of said current, and negligently maintained said line and transmitted said current of electricity over a wire, the insulating covering of which was old, worn, torn and imperfect and useless for the purpose of insulation. The complaint also charged the defendant with negligence in not inspecting the lines of wire in question to see whether they were properly insulated or whether the current upon said line had become grounded.

The complaint further alleged that on the day aforesaid the plaintiff's intestate, Arthur B. Stillman, who was employed by the

defendant as a trimmer of lamps, in preparing and trimming a defective lamp in the store of Garson, Myer & Co. in the proper discharge of his duties, was killed by a current of electricity without fault on his part and by reason of the negligence of the defendant aforesaid, and the plaintiff brings this action to recover damages for such killing.

The Special Term, upon the application of the defendant, ordered the plaintiff to deliver to the defendant's attorneys "a bill of particulars of the plaintiff's claim, duly verified, stating what improved appliances and attachments in general use at the date of the death of the said Arthur B. Stillman, referred to in the complaint, were not upon the lamp in the store of Myer, Garson & Company, referred to therein, and in what respect said lamp was negligently maintained, and in what respect the said lamp was defectively constructed, and where the ground upon the circuit upon said line mentioned in the complaint was located, or in what manner it was related to the death of said Stillman and that the plaintiff be precluded from giving any evidence in respect to such matters upon the trial other than as specified in said bill of particulars."

The appeal from this order brings the question before us. The complaint and the answer of the defendant (which denied its negligence and its liability), and the affidavit of George W. Archer, the president of the defendant, in which he alleged that the defendant was ignorant of the negligence complained of, and of the defects complained of, and their character, and had no knowledge of what improved appliances or attachments were not upon the lamp, or of any ground upon said circuit or line at said time, were the papers upon which the defendant moved for the order stated. These were met on behalf of the plaintiff with the affidavit of William A. Breese, a practical electrician who was familiar with the machinery and system of the defendant, in which he stated that the defendant was able to detect any grounds by simple tests well known to electricians and to determine within a short distance the location of said grounds and that after determining by tests the presence of a ground and its approximate location, it required but a short time to locate the exact point of a ground by sending men over the circuit; also, with the plaintiff's affidavit, in which she stated positively that she was unable to give any further particulars in regard

to the cause of the accident by which her husband met his death, and the particular acts of negligence of the defendant in relation thereto, than her complaint stated; and she made a part of her affidavit the testimony taken upon a coroner's inquest held upon the body of her husband to ascertain the cause of his death, on which the foreman of the defendant was called as a witness, and claimed that his evidence indicated such a knowledge of the situation and circumstances causing the death as would show that the defendant should know the facts sought to be obtained by the bill of particulars, and the appellant's contention here is that she should not be required to furnish any of the particulars required by the order.

We are of the opinion that the first branch of the order, requiring the plaintiff to state what improved appliances and attachments were in general use at the time of the death of the intestate, that were not upon the lamp in question, should be sustained. If the plaintiff had in mind or could ascertain any such improvements of which the defendant claims to be ignorant it is proper that she should state them so that the defendant may be apprised of the particular improvements claimed.

As to the other branch of the order, requiring specifications as to wherein the negligence of the defendant consisted with regard to the lamp in question and its connection, there is more difficulty.

The defendant cites as sustaining its contention in this regard *O'Hara* v. *Ehrich* (19 Civ. Proc. Rep. 72), where the General Term of the Superior Court of New York held that the plaintiff should give the particulars of the negligence of the defendant under the general statement in the complaint that the injury was caused by the negligent and improper construction, management and operation of an elevator; and the case of *Lahey* v. *Kortright* (13 Civ. Proc. Rep. 352), where the same court held that in an action to recover damages, for an alleged defect in the title to premises sold, the court required a bill of particulars showing wherein the title was defective, and citing also *Keairns* v. *Coney Island & B. R. Co.* (1 N. Y. Supp. 906), where a driver of one of defendant's cars alleged that he was injured through the defendant's negligence by being thrown from a car which was " out of repair and in an unsafe condition," and the complaint specified in what respect the car was out of repair and unsafe to a certain extent. The court held that if the plaintiff

sought to prove particulars not alleged under his general allegation of negligence he must give as to such a bill of particulars.

In *McCarthy* v. *Lehigh Valley R. R. Company* (27 N. Y. Supp. 295), also cited by the defendant, the Special Term of the Superior Court of Buffalo, in an action for wrongfully causing the death of one of the defendant's employees, a brakeman, in which the complaint alleged the ground of action in a very general statement that defendant negligently operated its trains of cars through incompetent servants and under insufficient rules and with unsafe appliances and over defective tracks, held that the plaintiff should give particulars as to the train on which the deceased was killed, when killed, where the track was defective, what rules were insufficient and in what respect the defendant was negligent in operating its train.

It will be seen that these cases are based substantially upon bald allegations of negligence without specifications as to the particular negligence of the defendant, and in cases where the plaintiff would be expected to know or upon reasonable inquiry could ascertain the particulars.

In the case before us the plaintiff, in her complaint, has been much more specific and has amplified her general charge of negligence with several important particulars; further than that she is unable to go, and insists that the defendant is much better able to state the facts sought by the bill of particulars from its knowledge of the situation than she possibly can be. The plaintiff's claim is that the deceased met with his death from the use by the defendant of that wonderful and mysterious power which in the last few years has been utilized and harnessed in, to the uses of business and the purposes of society. To one inexperienced in the manner of making this force available it is like a sealed book, and only those who have made a business of studying and using electricity can understand its operations or its dangers. It seems absurd then for the defendant, who is so much better equipped and better informed on the subject, to require this information from the plaintiff.

In *Donohue* v. *Meares* (19 N. Y. Supp. 585), where an administrator sought to recover damages for the death of his intestate, who was burned to death while engaged as an employee in the defendant's hotel, and the only allegation of negligence consisted in this:

That the defendants did not provide a reasonably suitable or safe place for the deceased to sleep in and the " want of care of said defendants * * * in failing to provide reasonably safe means of egress in case of fire or accident in and about said buildings and premises," the defendants moved for a bill of particulars as to these general allegations, which was denied, and Judge O'BRIEN, in speaking for the court (General Term of the first department), said : " While the power of the court to order bills of particulars extends to all descriptions of actions, we think that caution should be exercised in requiring bills of particulars in actions for negligence, and particularly where the action is brought, not by the person injured, but, as here, by *one claiming in a representative capacity.* Where the negligence alleged results in death and the action is brought by an administrator, the latter ordinarily is obliged to obtain his evidence and facts from sources other than his own personal knowledge, and a defendant is ordinarily in possession of facts bearing upon the cause of death charged through his negligence. No rule can be formulated with respect to any class of cases, much less with respect to actions of negligence, as to when a bill of particulars will be required, it being necessary to determine upon the facts presented upon the application in each case whether it should be granted or denied."

We adopt these views and they seem exceedingly appropriate to the case at bar.

We have reached the conclusion that the order of the Special Term should be modified so as only to require the plaintiff to deliver to the attorneys for the defendant within twenty days from the service of this modified order and a notice of its entry, a bill of particulars, duly verified, stating what approved appliances and attachments in general use at the date of the death of Arthur B. Stillman were not upon the lamp in the store of Garson, Myer & Co., referred to in the complaint herein, and that the other portion of the order of the Special Term be reversed, but without costs of this appeal to either party.

LEWIS and BRADLEY, JJ., concurred.

Order modified so as to require bill of particulars of what approved appliances were in use at the death of the intestate, and in other respects the order affirmed, without costs.