ROBERT WILSON, an Infant, by EMMA BROWN, his Guardian ad Litem, Respondent, *v.* AMERICAN STEEL AND COPPER PLATE COMPANY, Appellant.

*Bill of particulars as to the respects in which a machine is defective.*

In an action brought to recover for personal injuries sustained by an employee of the defendant, who alleges that the machine, in the operation of which he was injured, "was defective and out of repair, and said defendant knew that said machine was defective and out of repair," the defendant, on showing by the affidavit of its superintendent that he did not know of any defective or unsafe condition of the machine, is entitled to a bill of particulars as to the respects in which the machine was defective and unsafe.

APPEAL by the defendant, the American Steel and Copper Plate Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 4th day of September, 1900, denying the defendant's motion for a bill of particulars.

*Carl Schurz Petrasch*, for the appellant.

*James C. Cropsey*, for the respondent.

GOODRICH, P. J.:

The plaintiff alleges that while in the employ of the defendant he was set at work on a machine which "was defective and out of repair, and said defendant knew that said machine was defective and out of repair;" that while at work at said machine his hand was caught in the rollers and crushed. The answer denies knowledge of any defect. The defendant moved for a bill of particulars as to the respects in which the machine was defective, out of repair and in an unsafe condition. The affidavit used by the defendant on the motion was that of Mr. Pitman, superintendent of the defendant, in charge of its factory. He says that he does not know of any defective or unsafe condition of the machine, and that at the time of the accident it was in perfect order and good condition and not defective in any way; that neither he nor any of the defendant's officers or servants has been able to ascertain any information of any defect.

Under these circumstances, I think a bill of particulars should be required as to the defects in and the unsafety of the machine, for the reasons stated in *Dwight* v. *Germania Life Ins. Co.* (84 N. Y. 493); *Niemoller* v. *Duncombe* (33 App. Div. 536).

I think, however, that the motion in other particulars was properly denied.

The order should be modified in accordance with this opinion, and, as modified, affirmed, without costs to either party.

All concurred (HIRSCHBERG, J., in result), except BARTLETT, J., absent.

Order modified in accordance with opinion of GOODRICH, P. J., and, as modified, affirmed, without costs of this appeal to either party.