(71 App. Div. 563.)

### DALY v. BLOOMINGDALE.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

ACTION BY EMPLOYE—PERSONAL INJURIES—BILL OF PARTICULARS.

    In an action for injuries sustained by plaintiff while in defendant's employ as operator of a freight elevator, defendant was entitled to a bill of particulars stating in what respect the elevator was out of repair, and not a safe place in which to work, and also stating the nature of the accident causing the injury.

Appeal from special term, New York county.

Action by Michael L. Daly against Lyman G. Bloomingdale for personal injuries sustained by plaintiff while in defendant's employ as operator of a freight elevator. From an order denying defendant's motion for a bill of particulars, and allowing plaintiff to serve the bill of particulars submitted on the argument, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

J. M. Hart, for appellant.
M. C. Heine, for respondent.

VAN BRUNT, P. J. It seems to us that the defendant was entitled to a bill of particulars stating in what respect the elevator was

out of repair and not a safe place in which to work, and also a statement of the nature of the accident which caused the injury. The injury is claimed to have happened in the elevator, but how or where, not the slightest intimation was given. It was held in Wilson v. Plate Co., 56 App. Div. 527, 67 N. Y. Supp. 508, where it was alleged that the plaintiff was injured in the operation of a machine which was defective and out of repair, that the defendant was entitled to a bill of particulars in the respects to which the machine was defective and out of repair. Without some knowledge in reference to the defects complained of, it is impossible for the defendant to prepare for trial. It would appear from the papers on this appeal that the defendant knows nothing of the circumstances of the accident, or in what respect he is claimed to have failed in his duty to the plaintiff. We think, under these circumstances, that a bill of particulars in addition to that permitted to be served, specifying the particulars above referred to, should be allowed.

The order, so far as appealed from, should be reversed, with $10 costs and disbursements, and the motion for a bill of particulars granted to the extent above indicated. All concur.