ROBINSON v. STEWART.

(Supreme Court, Appellate Division, Second Department.   June 12, 1903.)

1. LANDLORD AND TENANT—DEFECTIVE PREMISES—TENANT'S ACTION FOR IN-
JURIES—BILL OF PARTICULARS.
Where a tenant, suing for injuries occasioned by a defective stairway,
merely alleges that the landlord permitted the stairway to be in a dan-
gerous condition, and failed to have proper lights in the hallway, and on
motion for a bill of particulars the landlord's affidavit shows that he does
not know in what respect the stairway was dangerous, and by diligent
inquiry could not ascertain, a bill of particulars should be ordered.

Appeal from Special Term, Kings County.

Action by Mary Robinson against David J. Stewart.  From an
order denying the defendant's motion for a bill of particulars, he
appeals.  Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
HIRSCHBERG, and HOOKER, JJ.

Bruce R. Duncan, for appellant.

WILLARD BARTLETT, J.   This is an action by a tenant against
a landlord to recover damages for personal injuries alleged to have
been sustained by the tenant in falling down a stairway provided by
the landlord for the common use of the tenants in the premises.
The complaint alleges that the plaintiff's fall was occasioned, "and
said injuries caused, solely and wholly through the negligence and
carelessness of the defendant, his agents, servants, and employés,
in permitting said stairway to be in a dangerous and insecure con-
dition, and in failing to have the proper light in the hallway, and
to be and remain wholly unlighted, in violation of the laws of state
of New York and ordinances of city of New York."   There is no
specification whatever showing in what respect the stairway was dan-
gerous or insecure.   The affidavit on which the defendant moved
for a bill of particulars declares that he does not know in what re-
spect the stairway was in a dangerous and insecure condition, or
what portion of the stairway is referred to in the allegation of the
complaint.   He further avers that he has caused diligent inquiries
to be made, and has been unable to learn in what respect the stair-
way was dangerous or insecure, but that, on the contrary, so far as
he has been able to ascertain, it was in a perfectly safe and secure
condition at the time of the alleged accident.   The plaintiff presented
no affidavit whatever in opposition to the motion.   We think that
the application should have been granted.   Wilson v. American
Steel & Copper Plate Co., 56 App. Div. 527, 67 N. Y. Supp. 508;
Daly v. Bloomingdale, 71 App. Div. 563, 76 N. Y. Supp. 131; King
v. Brookfield, 72 App. Div. 483, 76 N. Y. Supp. 604.   The possi-
bilities are so numerous as to what the plaintiff may claim on the
trial in regard to the actual condition of the stairway, which rendered
it insecure and dangerous, that the defendant ought to have some
intimation in advance in regard to the case which he will have to
meet.

Order, in so far as appealed from, reversed, with $10 costs and dis-
bursements, and motion granted.   All concur.