### BURKE v. FRENKEL.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. INNKEEPERS—DEFECTIVE PREMISES—NEGLIGENCE—INJURIES TO GUESTS—PLEADING—BILL OF PARTICULARS.

A guest in a hotel sued for injuries sustained by the fall of a window while she was lowering the upper part of it, and alleged that the hotel was negligently maintained, and that defendant had negligently permitted the window and its appliances to become defective and worn, and otherwise out of repair, and that by reason thereof the window fell, etc. Defendant, in support of a motion for a bill of particulars, showing in what respect the window and its appliances were defective, etc., alleged that he was ignorant that there was any need of repair, and had been advised by his employés that there was nothing defective about the window, and that he could find no need of repair other than a new window cord. Plaintiff's opposing affidavit merely alleged that defendant was in a better position to know the condition of the window than plaintiff, and that plaintiff could not give the specific defects. Held, that defendant was entitled to the particulars requested.

Appeal from Special Term.

Action by Margaret Burke against Louis Frenkel, impleaded with another. From an order denying a motion for a bill of particulars, defendant Ella Frenkel appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

John Patterson, for appellant.
Frederick W. Sparks, for respondent.

JENKS, J. This is a motion for a bill of particulars in an action by guest against innkeeper for personal injuries alleged to have been sustained by the fall of a window while the plaintiff was in the act of lowering the upper part of it. The plaintiff complains that the inn "was carelessly and negligently maintained," inasmuch as the defendant "negligently and carelessly permitted the window and its appliances in room 107 to become defective, worn, and rotten, and otherwise out of repair," and that "by reason of the defective, worn, and rotten condition of the window and of its appliances, and solely owing to said condition, the window fell," and that "the defendant or his servants knew, or had reason to know, that the said window and its appliances were defective, worn, and rotten and otherwise out of repair, but omitted to repair the same," and that "such defective, worn, and rotten condition was not observable by ordinary and reasonable inspection thereof, but was well known, or should have been well known, to the defendant, but was not known to the plaintiff." It is not alleged in what respect the window or its appliances were defective, worn, rotten, or otherwise out of repair. The moving affidavit states that the defendant has the entire management of the hotel, and that he is completely ignorant that there is any need of repair, and that he has interviewed all of his 150 employés who would be likely to have been near the room, of whom all advise him that they knew of no defect or anything defective, worn, rotten, or otherwise out of repair, or aught to cause a suspicion of such a condition. He further deposes that immediately after the accident he examined the window and its appliances, and could not find any defect or any need of repair or change in window or appliances, other than a new cord. The opposing affidavit states that the defendant, being in possession, was in a better position to know the condition of the window than the plaintiff, that the defendant's own servants were present shortly after the accident and released the plaintiff, and that his workmen afterwards repaired the window, that plaintiff's case must be elicited from defendant's employés, presumably hostile witnesses, and that the plaintiff cannot give the specific defects at this time, because such witnesses have not been interrogated on that point.

We think that, under the authority of our decision in Robinson v. Stewart, 84 App. Div. 594, 82 N. Y. Supp. 928, the motion should have been granted in part, namely, that the defendant should be apprised as to the respects in which the window and its appliances were defective, worn, and rotten, and the window was out of repair, and in what respects the inn was negligently and carelessly main-

tained, so that the defendant negligently and carelessly permitted the window and its appliances to become defective, worn, and rotten, and otherwise out of repair, so as to be dangerous to life, limb, and person, and that the time of the accident should be stated. The showing of the plaintiff that she cannot now "give the specific defects of the window," if thereby she intends to state that she is ignorant to the extent that she cannot in advance of the trial give such intimation as the bill requires, is no reason for withholding the bill. For a plaintiff who does not rely upon the doctrine of res ipsa loquitur is bound to establish a prima facie case of negligence; if he cannot show how he expects to establish his case, how can he recover in the action? See O'Hara v. Ehrich (Super. N. Y.) 11 N. Y. Supp. 52.

The order should be reversed, with $10 costs and disbursements, and the motion should be granted to the extent indicated in this opinion. All concur.