of the contests. There is, however, nothing in the case tending to indicate that she was aware that they were not being conducted under the operation and sanction of a general ordinance, or by virtue of a legal and valid permit. She did not participate in the contests in any way, and her mere presence in the woods cannot be regarded in a legal sense as contributing to the accident, assuming for the moment that freedom from contributory negligence as an essential factor in her case.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.

(109 App. Div. 814)

### HESLIN v. LAKE CHAMPLAIN & M. R. CO.

(Supreme Court, Appellate Division, Third Department. December 5, 1905.)

PLEADING—BILL OF PARTICULARS—INJURY TO EMPLOYÉ—DEFECTIVE ENGINE.

In an action against a railroad company for the death of a fireman, killed by the explosion of his engine, the complaint alleging that the accident was caused by the neglect of defendant in permitting the use of the engine while in a "weak, dangerous, defective, and unsafe condition, and unfit for use because of such weakness, want of repair, and strength to do the work assigned it, because of its brakes, levers, throttles, valves, and other parts being out of repair, defective, and unsafe," defendant is entitled to a bill of particulars.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 956.]

Appeal from Special Term, Essex County.

Action by Mary A. Heslin, administratrix of Arthur J. Heslin, deceased, against the Lake Champlain & Moriah Railroad Company. From an order denying defendant's motion for a bill of particulars, it appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

Pyrke & Dudley, for appellant.

Weeds, Conway & Cotter, for respondent.

SMITH, J. The plaintiff's intestate was a fireman upon one of the defendant's engines. On or about the 5th day of October the engine exploded, thereby causing his death. The action is brought for damages, upon the claim that the death was caused by the negligence of the defendant. The allegation, of which a bill of particulars is asked, is contained in the third paragraph of the complaint. It is there alleged that the accident was caused "by the fault, neglect, and want of care, on the part of the defendant, its officers, superintendents, managing agents, and employés, in using or permitting the use of said engine while in a weak, dangerous, defective, and unsafe condition, and unfit for use because of such weakness, want of repair, and strength to do the work assigned it, because of its brakes, levers, throttle, valves and other parts being out of repair, defective, and unsafe." The defendant has moved that the plaintiff be required to furnish a bill of particulars in which she shall state definitely and with

certainty in what respect she claims that the said engine was "weak, dangerous, defective, and unsafe, and unfit for use, and what brake, lever, throttle, valve, or other part thereof were out of repair, defective, and unsafe and unfit for use, and in what respect the same were out of repair, defective and unsafe."

In Burke v. Frenkel, 95 App. Div. 89, 88 N. Y. Supp. 517, it was held, in an action to recover by a guest in defendant's hotel for injury caused by the falling of a window in which it was alleged that the window and the appliances were "defective, worn and rotten, and otherwise out of repair," that the plaintiff should be required to state in what particulars the window and its appliances were defective, worn, rotten, or out of repair. The principle of that decision must determine this motion. The happening of an accident is no indication of negligence, except in a peculiar class of cases to which the doctrine of "res ipsa loquitur" has been applied. The object of a complaint is to notify the defendant of the specific fault of which the plaintiff complains. This plaintiff has been given full opportunity to examine this engine with her expert, and it is fair that the defendant should be apprised of the respect in which negligence is charged by the plaintiff, to the end that it may be prepared to meet such claim upon the trial. The fact that the plaintiff is an administratrix with no personal knowledge of the details of her cause of action does not authorize us to overlook the purpose of a pleading or authorize plaintiff to make general allegations in her complaint of which she confesses she has no specific proof, and trust to the finding of a cause of action from the defendant's witnesses upon the trial.

The order should therefore be reversed, with $10 costs and disbursements, and the motion granted, without costs.

Order reversed, with $10 costs and disbursements, and motion granted requiring the plaintiff to state definitely in what respect it is claimed that the engine was weak, dangerous, unsafe, and unfit for use, and what brake, lever, throttle, valve, or other part thereof was out of repair, defective, unsafe, or unfit for use, without costs. All concur.