### ZULKOWSKI v. AMERICAN MFG. CO.

(Circuit Court, E. D. New York. May 11, 1908.)

PLEADING—BILL OF PARTICULARS—ACTION BY SERVANT FOR PERSONAL INJURIES.

Where the complaint, in an action by a servant against the master to recover for personal injuries, contains only general allegations of negligence in permitting the machine on which plaintiff was working to become and remain out of repair and in failing to give proper instructions and make proper rules for plaintiff's protection, the defendant is entitled, on seasonable motion therefor, to a bill of particulars.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 956.]

At Law. On motion by defendant for bill of particulars.

Charles Dushkind, for plaintiff.
Thomas F. Magner, for defendant.

CHATFIELD, District Judge. This case has been at issue for over three years. Upon service of process the case was immediately removed into the United States court, but was not noticed for trial or placed upon the calendar of this court until March, 1908. The complaint alleges injury to the plaintiff while working upon a machine belonging to the defendant, and sets up negligence because of (1) fault on the part of the defendant, in that the machine was out of order; (2) that through defects and improper care and supervision the machine started without warning; and (3) that the defendant did not give proper instructions and promulgate proper rules, so as to protect the plaintiff while working upon the machine. The defendant's answer denies the allegations of negligence, and affirmatively alleges contributory negligence and assumption of risk on the part of the plaintiff. The defendant now asks for a bill of particulars as to the defects in the machine, and as to the notice of the defendant with reference

thereto, and in what way the machine was not kept in repair by the neglect of the defendant, as well as what rules and regulations the defendant neglected to give and enforce. Following the allegations of the complaint, the motion for a bill of particulars demands information as to a number of phases of these questions, but all of these demands bear upon the general propositions above stated.

While the defendant may be assumed to have known the basis of the alleged cause of action, in that an answer was filed denying these allegations, nevertheless it is apparent from the pleadings that the defendant could not ascertain from the complaint the essential allegations of fact upon which the plaintiff intended to base the conclusions set forth in his complaint.

Inasmuch as the defendant, as has been said, does not seem to be guilty of laches in not making this motion during the time in which the plaintiff has taken no action, and inasmuch as it would seem that the defendant needs particulars as to the matters specified in its demand, before it can prepare for trial, the motion will be granted, and the plaintiff directed to furnish a bill of particulars within 10 days after the entry of an order.