This evidence presents the plaintiff's position, and the question is whether it shows (1) that an improper slope caused the accident; (2) whether the use of such slope was negligent. The superintendent's testimony is that such a slide had not happened previously during his service, begun in 1906, and it may be questioned whether an established method of excavation productive of safety is not more reliable than the opinion experts, unacquainted with the strata, and uninformed save through hypothetical questions necessarily giving no familiarity with the soil, sand, and clay, their quantity, nature, and relation, as imposed one upon another. Allison stated it would cause the bank to give way. This was a sweeping and universal statement, and unless it declared an inevitable result it did not prove the cause in this particular instance. But that such condition of slope does not even generally produce such result in the locality in question is shown by the history of this yard since 1906, where in continuous excavation the slope had not proved insufficient. Hence, if it be improbable that the witness is mistaken, yet the cause and result given by him are so exceptional in that particular place that in the exercise of ordinary care the defendant was not required to provide a more extended slope or additional safeguard. There are accidents resulting from methods on their face so negligent, or so thoroughly proven such, that absence of former accident is unmerited good fortune; but such culpability should not, in the present case, be predicated upon the mere evidence of experts, one or many, who have made no personal examination, much less analysis, of the elements of the banks, as was done in the Haverstraw Case (Sup.) 118 N. Y. Supp. 337, to which appellant refers, where it also appears, wherein there is a wide dissimilarity from the facts in this case, that previous slides had occurred.

The appellant asserts that the pits should have been enlarged to permit the workmen to escape slides, if they occur. There was not occasion to make provision for avoiding slides not expectable, and in any case it would be a conjecture of no legal value that it would so come that in matter of time, place, or forewarning the men could avoid it, however unconfined the limits of the pit.

The contention that the defendant was negligent in its omission to have an overseer continuously present to guard against such accident falls, in view of the stated conclusion.

The judgment should be affirmed, with costs. All concur.

---

### HIGGINS v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. October 7, 1910.)

PLEADING (§ 317*)—INJURIES—COMPLAINT—PARTICULARS—NEGLIGENCE OF DEFENDANT.

Where a complaint alleged generally a cause of action for death of a servant, due to unusual and improper machinery, and because proper instructions were not given to decedent, and because proper rules for decedent's protection were not promulgated, defendant was entitled to a bill of particulars requiring plaintiff to state in what manner the machinery

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

was improper, what instructions defendant failed to give, and what proper rules it did not promulgate; nor was it any answer to defendant's demand that defendant was in a position to know the facts.

[Ed. Note.—For other cases, see Pleading; Dec. Dig. § 317.*]

Appeal from Special Term, Orange County.

Action by Mary A. Higgins, as administratrix, etc., of Frank Higgins, deceased, against the Erie Railroad Company. From an order denying in part defendant's application for a bill of particulars, it appeals. Reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

John Bright, for appellant.
William P. Gregg, for respondent.

WOODWARD, J. This is an action to recover damages for personal injuries resulting in the death of plaintiff's son. The complaint alleges, in very general language, a cause of action growing out of an accident which occurred while the deceased was engaged in oiling machinery in defendant's rail shop at Port Jervis, and the learned court at Special Term has granted defendant's motion for a bill of particulars in respect to a portion of the matters alleged in the complaint, and denied the following, of a like nature:

"(1) In what respects and in what manner does plaintiff claim that the machinery provided and maintained by defendant was unusual and improper."

"(3) What proper and usual instructions and protection does plaintiff claim defendant failed to give decedent in connection with his work.

"(4) What proper and usual rules for the protection of decedent does plaintiff claim defendant failed to make, have, and promulgate."

The complaint alleges negligence in all of these matters, but in such a general way as to make it practically impossible to determine what issues are to be met; and it is no answer to defendant's demand for a bill of particulars that defendant is in a position to know the facts. The question to be determined is what the plaintiff claims are the facts. That is the issue to be tried, and the defendant has a right to be informed of the issues by the pleadings; a bill of particulars being a part of such pleadings.

The order appealed from should be reversed, and defendant's motion should be granted. All concur.