### SLOCUM v. ERIE R. CO.

District Court, W. D. New York. March 13, 1929.

Mortimer L. Sullivan, of Elmira, N. Y., for plaintiff.

Stanchfield, Collin, Lovell & Sayles, of Elmira, N. Y., for defendant.

HAZEL, District Judge. The moving papers and briefs have been submitted to me for examination by consent of plaintiff's counsel.

The allegations of the complaint are stated in the most general way, and do not afford sufficient detail to apprise defendant railroad company of the negligent acts committed by it, and of which plaintiff complains. Paragraphs 3 and 9 are bare conclusions and contain no facts in support thereof. The defendant is entitled to know upon what act or acts the plaintiff administratrix intends to rely on the trial to substantiate her cause of action (O–So–Ezy Mop Co. v. Channell Chemical Co. [D. C.] 230 F. 469), and it is not enough to simply allege that defendant was careless in not providing a safe place to work, or in failing to supply a sufficient number of fellow servants, or in using unsuitable methods of operation and an unskilled way of handling cars, or in promulgating improper rules in regard to the performance of intestate's duties, or that the couplers or brake system was defective. Neither evidence nor names of witnesses need be set forth, but many federal and state adjudications hold that the facts in relation to the unsafety of the place to work—that is, in what respect it was unsafe or what appliances were defective that contributed to the injury—and what rules should have been promulgated and enforced, must be set forth; and, if the complaint fails to do so, the opposite party has the right to demand a bill of particulars. The details upon which the tort is based should not be withheld. That plaintiff sues as an administratrix and may have no real knowledge of the facts, does not excuse her for failure to apprise the defense of what it is expected to meet. The following cases may be cited as bearing upon the requirements: Waller v. Degnon Contracting Co., 120 App. Div. 389, 105 N. Y. S. 203; O'Leary v. Candee (Sup.) 60 N. Y. S. 1103; King v. Brookfield, 72 App. Div. 484, 76 N. Y. S. 604; Dwyer v. Slattery, 118 App. Div. 345, 103 N. Y. S. 433. Nor is it an answer that the defendant is in a position to know the facts. Higgins, Adm'x, v. Erie R. Co., 140 App. Div. 222, 124 N. Y. S. 1082. The rule in the state courts, in actions of the kind with which we are here concerned, is the rule this court is required to follow, and therefore there must be a fair and reasonable compliance with defendant's demands—something the bill of particulars heretofore served by plaintiff does not supply.

The motion of defendant is granted, and I have signed the order submitted.