## TOMB v. BALTIMORE & O. R. CO.
### No. 1315A.

District Court, W. D. New York.
Nov. 22, 1933.

Searl & McElroy, of Syracuse, N. Y., for plaintiff.

Mann, Strang, Bodine & Wright, of Rochester, N. Y. (Franklin D. L. Stowe, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

Plaintiff has brought action as administratrix of the estate of her husband, to recover damages resulting from negligent acts and omissions of the defendant which caused the death of her husband.

Hearing has been had on defendant's application for a bill of particulars pursuant to consent of the parties in open court.

The complaint sets forth that plaintiff's intestate was employed as a trainman by defendant railroad, and, while plaintiff was engaged in his duties in riding certain coal cars in defendant's yards, he was suddenly and violently thrown from one of the cars suffering injuries thereby which resulted in his death; that the accident was caused by the negligence of defendant and defendant's officers, agents, and servants in that the work was not being properly managed, controlled, and operated; that equipment on the cars on which plaintiff's intestate was riding was defective and out of repair; that defendant failed to promulgate rules reasonably necessary to the proper and safe conduct of the work in which plaintiff's intestate was engaged; and that the agents and servants of defendant neglected to give such warnings and instructions as were reasonably necessary to protect plaintiff's intestate. Plaintiff also sets forth the incurring of hospital, medical, surgical, and funeral expenses resulting from the accident.

Defendant's first request is that plaintiff be required to state each and every negligent act of defendant claimed to have caused plaintiff's intestate to be thrown from the coal car on which he was riding. The allegations of plaintiff's complaint are broad and general and do not apprise the defendant of the charges which it must meet. Defendant is

entitled to know what acts on its part plaintiff claims caused deceased to be thrown from the car. Slocum v. Erie R. Co. (D. C.) 36 F.(2d) 277.

Defendant requires a statement of the name of each officer, agent, or servant of defendant who is claimed to have committed an act or omission constituting negligence. If plaintiff has information which will assist defendant to identify the train and crew upon and with which her intestate was working, there is no reason why such information should not be furnished the defendant. Ferris v. Brooklyn Heights R. Co., 116 App. Div. 892, 102 N. Y. S. 463. It is no objection to the grant of the request that plaintiff has not the information for she can so state. Slocum v. Erie R. Co., supra. Nor is it an excuse that defendant is in a position to know the facts for the defendant is entitled to know what the plaintiff claims are the facts. Slocum v. Erie R. Co., supra, following Higgins v. Erie R. Co., 140 App. Div. 222, 124 N. Y. S. 1082.

Defendant is also entitled to know wherein plaintiff claims that the equipment and appliances of defendant were defective and the manner in which said defects contributed to the accident. Zulkowski v. American Mfg. Co. (C. C.) 163 F. 550; Heslin v. Lake Champlain, etc., R. Co., 109 App. Div. 814, 96 N. Y. S. 761.

Plaintiff alleges that defendant neglected to provide and enforce rules necessary for the safe conduct of the work in which deceased was engaged. Defendant requests that these rules which plaintiff claims should have been provided be set forth specifically or at least in sufficient detail that preparation for trial will be possible. This request is entirely reasonable and defendant is entitled to know what rules plaintiff claims it should have made. McCarthy v. Lehigh Valley R. Co., 6 Misc. 422, 27 N. Y. S. 295.

The same applies to defendant's request for particulars as to alleged failure to give deceased such instructions and warning as were necessary to provide suitable protection. Higgins v. Erie R. Co., supra.

Plaintiff must also be directed to set forth the amount of the bills for hospitalization, medical and surgical treatments and funeral expenses. Greene v. Johnson, 126 App. Div. 33, 110 N. Y. S. 104.

An order in accord herewith may be submitted on notice.