CATHARINE S. BAKER, as Administratrix, etc., of WARREN M. BAKER, Deceased, Respondent, v. JOHN H. SUTTON and Another, Appellants.

*Bill of particulars — its office and effect — it should not contain a general statement.*

The office of a bill of particulars is to inform the adverse party of the specific charges made against him, so that he may know exactly what he must prepare to defend, and it limits the party serving the bill to proof of the matters therein specified.

Where a bill of particulars contained three specifications, and by its fourth clause alleged "That the said defendants were negligent in other respects whereby plaintiff's intestate's death was caused," the court will order a further bill of particulars upon the ground that such a general statement, to which the

plaintiff's proof upon the trial might be solely directed, gave the defendants no notice whatever of the issues which they would be called upon to meet upon the trial of the action.

APPEAL by the defendants, John H. Sutton and another, from an order of the Supreme Court, made at the Ulster Special Term and entered in the office of the clerk of the county of Albany on the 21st day of March, 1895, denying a motion made by the defendants to compel the plaintiff to serve a further bill of particulars, specifying what carelessness, recklessness or negligence of the defendants, or either of them, caused the death of the plaintiff's intestate, or the accident which resulted in his death.

The action was brought to recover the damages resulting from the defendants' alleged negligence. The complaint alleged in general words that the plaintiff's intestate, Warren M. Baker, came to his death while drawing sand and clay on the premises of the defendants in the town of Coeymans, Albany county, by reason of a bank of sand or clay at which Baker was working, sliding or falling upon him, whereby he was suffocated. A bill of particulars was ordered and was served. It contained three specifications as to the alleged negligence of the defendants, and then followed a fourth general allegation. Because of this latter clause the defendants moved for a further bill of particulars, and from the denial of that motion this appeal was taken.

*Frank H. Osborn,* for the appellants.

*Amasa J. Parker, Jr.,* for the respondent.

HERRICK, J.:

The office of a bill of particulars is to apprise the adverse party of the specific charges made against him, so that he may know exactly what he must prepare to defend. It serves as an amplification of the pleading, and limits the party making it to proof of the things specified.

The fourth clause of plaintiff's bill, " That the said defendants were negligent in other respects whereby plaintiff's intestate's death was caused," obviously does not give the defendants any notice of what they must be prepared to meet at the trial; under it no limitation can be imposed as to proof upon the trial. It simply

apprises the defendants that in addition to the matters set forth in the complaint, and in the preceding clauses of the bill, there are other acts of negligence which she does not in anywise specify, which caused the intestate's death. The little good there is in the preceding clauses is absolutely destroyed by the fourth.

If it is held good, then when the trial is had the plaintiff need not give any proof as to the particulars set forth in the preceding clauses of the bill, but give evidence under the last clause, which gives no information to the defendants, and which is more general and indefinite than the complaint.

The order should be reversed, and an order for a further bill of particulars granted, with ten dollars cost of motion, and costs and disbursements of this appeal.

PUTNAM, J., concurred.

Order reversed and order for a further bill of particulars granted, with ten dollars costs of motion, together with costs and disbursements of this appeal.