(5 App. Div. 596.)

### MYERS v. ALBANY RY.

### BUSOLD v. SAME.

(Supreme Court, Appellate Division, Third Department.   May 5, 1896.)

1. PLEADING—BILL OF PARTICULARS—ACTION FOR NEGLIGENCE.
    A bill of particulars may be required in an action for negligence.
2. SAME—WHEN REQUIRED.
    In an action for personal injuries caused by the explosion of a fly wheel in defendant's power house, the only allegation of negligence on the part of defendant was that the explosion of the wheel "was due to the carelessness and negligence and the want of proper care and skill on the part of the defendant or its agents, servants, or employés." *Held*, that defendant was entitled to a bill of particulars stating what facts indicating negligence, if any, plaintiff expected to show on the trial besides the fact of the explosion.

Appeal from special term, Albany county.

Actions by Charles Myers and by Frank Busold, respectively, against the Albany Railway, for personal injuries and injuries to property alleged to have been sustained through the negligence of defendant.   From an order in each case denying a motion for a bill of particulars, defendant appeals.   Reversed.

Argued before PARKER, P. J., and LANDON, PUTNAM, and MERWIN, JJ.

E. W. Douglas, for appellant.

Pratt & Logan (Louis W. Pratt, of counsel), for respondents.

PUTNAM, J.   These cases were brought to recover damages for injuries to the plaintiff caused by the explosion of a fly wheel operated by defendant in its power house in the city of Albany. The only allegation in the complaints alleging negligence on the part of the defendant is as follows:

"That the explosion of the said fly wheel was due to the carelessness and negligence, and the want of proper care and skill, on the part of the defendant or its agents, servants or employés."

The complaints in these cases differ from that in Piehl v. Same Defendant, 39 N. Y. Supp. 1131, where we held that a bill of particulars was not required.   They do not allege how the defendant was negligent, or state any facts in that regard.   The plaintiffs, upon the trial, may, in addition to showing the fact of the explosion, offer evidence to prove that the fly wheel was defective before the accident, to the knowledge of the defendant; that the defendant failed to have proper and skillful employés to manage the wheel; that it was not properly run, inspected, or placed; that the defendant did not have a sufficient number of servants to manage it; that, at the time of the accident, the wheel was being operated in an improper manner; or other acts or omissions of the defendant.   As the pleading now stands, it is obvious that the defendant will be unable, in advance, to properly prepare to meet evidence that the plaintiff may offer, on the trial, to show negligence on the part of the defendant, in addition to the fact of the explosion of the wheel.   Hence, without considering the question

whether or not the mere fact that the wheel burst places upon the defendant the burden of showing that the accident did not happen through its negligence, we think a bill of particulars should be served, stating what facts, if any, the plaintiff expects to show upon the trial, besides the fact of the explosion, indicating negligence on the part of the defendant. In Dwight v. Insurance Co., 84 N. Y. 493, it was held that a bill of particulars may be ordered in all descriptions of actions. In a proper case such a bill should be furnished in an action to recover damages for the alleged negligence of the defendant. O'Hara v. Ehrich (Super. N. Y.) 11 N. Y. Supp. 52; Baker v. Sutton, 86 Hun, 588, 33 N. Y. Supp. 1072.

The order should be reversed, and motion granted requiring the plaintiffs to furnish the defendant with a statement containing the particulars upon which the claim of negligence and want of proper care and skill on the part of defendant, or its servants, agents, or employés, is based, without costs in this court or the court below. All concur.