## NIEMOLLER v. DUNCOMBE.

(Supreme Court, Appellate Division, Second Department. October 11, 1898.)

1. PLEADING—BILL OF PARTICULARS.

Plaintiff alleged that defendant had promised her a certain sum, if she would continue to live with defendant, superintending the household duties, and aiding and advising in the preparation and trial of certain litigation. Held, that plaintiff should furnish a bill of particulars, showing the time and place of the services, when and where the request was made; what litigation was pending, the manner and particulars in which plaintiff advised defendant, and the subject of such advice.

**2. Same.**
But the manner and respects in which defendant requested plaintiff to superintend the household duties, the manner in which plaintiff kept house for defendant, and what evidence she prepared for defendant, being matter of evidence, need not be set out in a bill of particulars.

**3. Same.**
And, as no demand for payment need be proved, the time, place, and manner of such a demand need not be set out in the bill of particulars.

Appeal from special term.

Action by Eunice Niemoller against Naomi Duncombe. From an order compelling plaintiff to furnish a bill of particulars, and an order denying a motion to resettle such order, she appeals. The order granting the bill of particulars modified, and the order denying the motion to resettle affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William L. Snyder, for appellant.
Roger M. Sherman, for respondent.

GOODRICH, P. J. The complaint alleges that the defendant, shortly after her husband's death, requested the plaintiff, her sister, to continue to live with her pending certain litigation in regard to her husband's will and property, and that the defendant promised to pay the plaintiff, for remaining with her, superintending the household duties, and aiding her in preparing evidence and getting ready for the trial of such litigation, and counseling and advising her in reference thereto during such period, the sum of $7,000. The answer alleges that the plaintiff lived with the defendant, but only as her guest, for some time, and not during the entire time that the litigation was pending. The court, on motion, ordered the plaintiff to serve a bill of particulars stating: First, the time and place of the alleged services; second, when and where the request for such services was made; third, what litigation was pending, the continuance of which was to determine the term of the plaintiff's residence with the defendant; fourth, the manner and respects in which the defendant requested the plaintiff to superintend the defendant's household duties; fifth, the manner in which the plaintiff kept house for the defendant; sixth, when, where, and what demand of payment was made; seventh, the manner and particulars in which the plaintiff advised the defendant in preparing for the trial over the husband's will; eighth, what evidence the plaintiff prepared; and, ninth, what was the subject of the plaintiff's counsel and advice. In a matter resting so largely in the discretion of the special term, we are disinclined to review its decision, but a reference to well-established principles will assist us in arriving at a conclusion. A bill of particulars is intended to amplify more specifically matters set up in a pleading, not to set up a cause of action, as the latter is the function of the complaint. It is intended to prevent surprise at the trial, by furnishing such information as a reasonable man would require when called upon to defend himself, and by limiting the general allegations of the pleading so as to confine

the proof to the particulars specified. It is not designed to compel
a party to furnish the specific evidence upon which he relies for re-
covery. Nor can a party be compelled to particularize facts al-
ready known to his adversary, or which are equally accessible to
both parties. But this last qualification is not to be construed to
apply to a case where the issue to be tried is the existence of certain
facts which form the basis of the cause of action; otherwise it
would be unreasonable to order a bill of particulars in an action
based on adultery, of which class of cases Tilton v. Beecher, 59 N. Y.
176, is a good example. The court (Rapallo, J., writing) said (page
190):

"It is further urged that the defendant in such a case needs no specifica-
tion of particulars, because he knows better than any other, but one, the
details about which he seeks information. This is petitio principii. It
assumes that the defendant has committed the acts with which he is
charged, while the very question to be tried is whether or not he has com-
mitted them."

With these general principles in view, it is not difficult to decide
that in some respects the order granting the bill of particulars was
too sweeping. We think that so much of the order as is referred
to in the fourth, fifth, and eighth divisions above made is objection-
able, being within the rule as to furnishing specific evidence. As
to the sixth division, relative to a demand for payment, it would
seem quite clear that, as no proof of that fact is necessary, there
is no need for particulars.

The order granting the bill of particulars must be modified by
striking out the clauses referred to, and, as thus modified, affirmed,
without costs to either party. The order denying the motion to
resettle the first order must also be affirmed, with $10 costs and dis-
bursements. All concur.