### WILSON v. AMERICAN STEEL & COPPER PLATE CO.

(Supreme Court, Appellate Division, Second Department. December 14, 1900.)

MASTER AND SERVANT—PERSONAL INJURIES—PLEADING—BILL OF PARTICULARS.
    Where an employé sues for damages for injuries occasioned by defective machinery, a motion for a bill of particulars as to the defects, supported by affidavit of defendant's superintendent in charge of such machinery that neither he nor any of defendant's officers or servants had been able to discover any defects in such machinery, should be granted.

Appeal from special term, Kings county.

Action by Robert Wilson, an infant, by Emma Brown, guardian ad litem, against the American Steel & Copper Plate Company. From an order of the special term denying defendant's motion for a bill of particulars, it appeals. Modified.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and JENKS, JJ.

Carl Schurz Petrasch, for appellant.
James C. Cropsey, for respondent.

GOODRICH, P. J. The plaintiff alleges that while in the employ of the defendant he was set at work on a machine which "was defective and out of repair, and said defendant knew that said machine was defective and out of repair"; that while at work at said machine his hand was caught in the rollers and crushed. The answer denies knowledge of any defect. The defendant moved for a bill of particulars as to the respects in which the machine was defective, out of repair, and in an unsafe condition. The affidavit used by the defendant on the motion was that of Mr. Pitman, superintendent of the defendant, in charge of its factory. He says that he does not know of any defective or unsafe condition of the machine, and that at the time of the accident it was in perfect order and good condition, and not defective in any way; that neither he nor any of the defendant's officers or servants has been able to ascertain any information of any defect. Under these circumstances, I think a bill of particulars should be required as to the defects in and the unsafety of the machine, for the reasons stated in Dwight v. Insurance Co., 84 N. Y. 493; Niemoller v. Duncombe, 33 App. Div. 536, 53 N. Y. Supp. 872. I think, however, that the motion in other particulars was properly denied.

The order should be modified in accordance with this opinion, and as modified affirmed, without costs to either party. All concur; HIRSCHBERG, J., in result only.