(35 Misc. Rep. 111.)

FIELD v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Special Term, Onondaga County.  May, 1901.)

1. PLEADING—BILL OF PARTICULARS.
Where plaintiff sues to recover for negligence, based on a collision of freight trains, and alleges that defendant company negligently failed to provide competent temperate co-employés for the person injured, defendant is entitled to a bill of particulars, giving the names and positions of those employés whose competency is attacked.

2. SAME—AFFIDAVIT.
Where a corporation is sued, the attorney thereof, on showing a sufficient reason why an officer of corporation did not make it, may file affidavit as to necessity of bill of particulars.

Action by Alice Field, administratrix, against the New York Central & Hudson River Railroad Company.  Motion to compel plaintiff to furnish a bill of particulars.  Bill of particulars ordered.

A. H. Cowie, for the motion.
W. S. Jenney, opposed.

HISCOCK, J.  This action is brought to recover damages for the death of plaintiff's intestate, alleged to have been caused through the negligence of defendant.  Several grounds of negligence are alleged.  Upon the argument of the motion an agreement was reached between the counsel as to what should be done in the way of serving a bill of items of the alleged negligence of the defendant in all respects save one.  The accident was caused by a rear-end collision of one freight train with another.  Among other things, it is alleged that the defendant "wrongfully and negligently failed to provide said Field with competent temperate co-employés and with a sufficient number to handle its train and cars."  A large number of employés must necessarily have been engaged in the operation of the trains and tracks which were involved in this accident.  It requires a large amount of investigation, and very often a large number of witnesses, to enable a defendant to be prepared to defend the character of an employé.  I think it would be too burdensome to require this defendant to institute such investigation and make such preparation in the case of a large number of employés as it would be forced to do unless some previous indication was given of the particular ones who were to be subjected to criticism by the plaintiff, and that, therefore, it is proper that plaintiff should furnish defendant with the necessary particulars, indicating by name, or by the positions which they held at the time of the accident, the employés whose competency she proposes to question upon the trial of the case.

It was suggested upon the argument that the affidavit by one of the defendant's attorneys as to the necessity for a bill of particulars was not sufficient, but that such affidavit should have been made by one of the officers of the defendant.  I think, however, that the affidavit furnished was sufficient, and gives sufficient reasons for its being made by the attorney rather than some other officer of the defendant.

Ordered accordingly.