### KING v. BROOKFIELD et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

MASTER AND SERVANT—NEGLIGENCE—ACTION—PLEADING — COMPLAINT — AL-
LEGATIONS—BILL OF PARTICULARS.

In an action by a servant against the master for injuries sustained while working in the latter's mill, which contained machinery and a mechanical stoker device, the complaint alleged that defendants so negligently managed the machinery and stoker, and furnished an unsafe place to work, and exposed plaintiff to danger without notice or neglect on his part, that the fingers of his right hand were cut off. There was no allegation that the fingers were cut off by any machinery, or how the accident occurred, but there was an allegation that the stoker was not out of repair or defective. Defendants moved for a bill of particulars, the motion being accompanied by an affidavit that they knew of no defect, and plaintiff's opposing affidavit stated that he was injured while working at the stoker, and that he knew nothing of its construction or operation. Held error to deny defendants' motion for a bill of particulars showing in what respect defendants were negligent.

Appeal from special term, Kings county.

Action by Terence King against William Brookfield and another, as receivers of the Hecker-Jones-Jewell Milling Company. From an order denying defendants' motion for a bill of particulars, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-
WARD, HIRSCHBERG, and JENKS, JJ.

Frederick Hulse, for appellants.
Abel E. Blackmar, for respondent.

HIRSCHBERG, J. The action is for damages alleged to have been occasioned by the defendants' negligence. The plaintiff was working as an employé of the defendants in a certain mill, containing engines, boilers, furnaces, machinery, and a mechanical stoker device. The complaint alleges that on or about the 13th day of February, 1901, the "defendants so negligently managed and operated the said machinery, furnaces, boilers, and stoker, and so negligently conducted

the work maintained by them as aforesaid, and so negligently exposed the plaintiff to danger without notice or neglect on his part, and so negligently furnished with unsafe machinery and appliances and an unsafe place in which to work, and were so negligent in other respects, that the fingers of his right hand were cut off." There is no allegation to the effect that his fingers were cut off by any of the machinery, or by what means or in what manner the accident occurred. There is an allegation in the complaint that at the time of the accident the "stoker" was not defective or out of repair. The defendants moved for a bill of particulars showing in what respect the machinery and appliances were unsafe, and in what respect the work was negligently conducted and the place unsafe. The application was accompanied by an affidavit on the defendants' part to the effect that no defect in the place or machinery was known to or discoverable by them, and was opposed by an affidavit of the plaintiff to the effect that the accident occurred while he was working at the "stoker," and that he knew nothing about its construction or the method of operating it. There is no statement that the injury complained of was occasioned by the "stoker." The defendants were clearly entitled to the particulars herein referred to, and the motion should have been granted. Wilson v. Plate Co., 56 App. Div. 527, 67 N. Y. Supp. 508.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with costs. Order to be settled before HIRSCHBERG, J. All concur.