### McFARLAND v. CONSOLIDATED GAS CO.

(Circuit Court, S. D. New York. August 24, 1903.)

1. PLEADING—BILL OF PARTICULARS—NEW YORK PRACTICE.

A plaintiff, in an action for a personal injury, required on motion of defendant to furnish a bill of particulars under the statute of New York, where he had previously obtained extensions of time to serve such bill.

On Motion for Bill of Particulars.

James W. Osborne, for plaintiff.
Theron G. Strong, for defendant.

HOLT, District Judge. It is difficult to harmonize the cases in which it has been held that bills of particulars should be given or should not be given in negligence suits. They appear to have been ordered much more freely in cases brought by the person injured than in cases brought by the personal representatives of the person injured. I think that among the cases cited those most similar to the case at bar have ordered bills of particulars to be furnished. Wilson v. American, etc., Co., 56 App. Div. 527, 67 N. Y. Supp. 508; Myers v. Albany Ry. Co., 5 App. Div. 596, 39 N. Y. Supp. 446; Field v. N. Y. Central Ry. Co., 35 Misc. Rep. 111, 71 N. Y. Supp. 220. The fact, too, that the plaintiff repeatedly obtained extensions of time in order to serve a bill of particulars is of considerable weight, as tending to prove an acquiescence in the propriety of the claim that one should be delivered.

My conclusion is that the motion should be granted.