der objection and exception by the defendant's counsel, theretofore unsuccessful in his attempts to stem the tide of such inquiry.

[4] But when the defendant's counsel sought to show why the indictment of the witness was not tried, he was precluded, although it might have shown under what inducement or duress Watson was testifying. So the people's witness was presented to the jury as a person accused by indictment of receiving from defendant these stolen goods, knowing of the larceny. There was no propriety in bringing in the extrajudicial matters. The witness had at one time bought some valves at auction, he stated, but he had fully explained that he had made the purchase of defendant; but his alleged fault indicating hostility was in not knowing definitely whether the valves sold one O'Brien came from that source.

[5] It was upon this that the district attorney advised the court that "we had to indict him and bring him to trial to get any information at all." The evidence of the people on the subject of the defendant's guilty knowledge was too scant to permit such prejudicial statement, and conversation between witness Watson and the prosecuting officials and police officer.

[6] There was other manifest error. The people showed that such valves were not bought and sold by the pound, and yet, when the defendant sought to show that there were metal dealers in Manhattan and elsewhere that dealt in Jenkins valves, he was precluded. It is no answer to show that the evidence was cumulative. It was an important consideration, and one that must have weighed heavily against the defendant in the minds of the jurors, that new Jenkins valves were sold as raw metal by the pound. A man in Jenkins Bros.' employment over defendant's legal protest was allowed to testify that he had never heard of these valves being sold by the pound save in the present case. But the defendant was not suffered to make counter proof. One ruling was error, and that was made against the defendant.

The judgment of conviction should be reversed, and a new trial ordered. All concur.

---

(152 App. Div. 433.)

WOJTCZAK v. AMERICAN MFG. CO.

(Supreme Court, Appellate Division, Second Department. September 10, 1912.)

PLEADING (§ 317*)—BILL OF PARTICULARS—NEGLIGENCE.

Where, in an action for injuries to a servant, negligence was alleged in the use, management, control, and operation of a machine at which plaintiff was employed, which rendered the same dangerous, and also in that defendant failed to instruct plaintiff in the operation of the machine, in order that the same might be used and controlled with safety, defendant was entitled to a bill of particulars stating in what respects the use, management, control, and operation of the machine was dangerous, and as to what instruction was required.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Jenks, P. J., and Burr, J., dissenting in part.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Action by Bronislawa Wojtczak, an infant, by Ladislaus Lorck, her guardian ad litem, against the American Manufacturing Company. From so much of a Special Term order as denied a part of defendant's motion for a bill of particulars, it appeals. Modified and affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Thomas F. Magner, of Brooklyn, for appellant.
I. L. Broadwin, of New York City, for respondent.

RICH, J. This action is brought by a servant against the master to recover for personal injuries alleged to have been sustained through its negligence. The learned court at Special Term has granted defendant's motion for a bill of particulars regarding some matters alleged in 'the complaint, but denied the following, among others:

(1) "In what respects was the use, management, control, and operation of the machine at which she was employed, dangerous?"
(2) "What instruction was required in the use, management, control, and operation of said machine, in order that the same might be used and controlled with safety?"

Negligence is alleged in both of these particulars, but, as was said in Higgins v. Erie Railroad Co., 140 App. Div. 222, 124 N. Y. Supp. 1082—

"in such a general way as to make it practically impossible to determine what issues are to be met, and it is no answer to defendant's demand for a bill of particulars that defendant is in a position to know the facts. The question to be determined is what the plaintiff claims are the facts; that is the issue to be tried, and the defendant has a right to be informed of the issues by the pleadings, a bill of particulars being a part of such pleadings."

We are of the opinion that this rule requires a compliance with defendant's demands as quoted above, and the order is modified, by including within its requirements the two particulars, and, as so modified, affirmed, without costs to either party.

THOMAS and WOODWARD, JJ., concur. JENKS, P. J., and BURR, J., dissent as to the second requirement.