WOJTCZAK, Respondent, v. AMERICAN MFG. CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 20, 1914.) Action by Bronislawa Wojtczak against the American Manufacturing Company. No opinion. Judgment and order unanimously affirmed, with costs. See, also, 152 App. Div. 433, 137 N. Y. Supp. 287.

WOLFF, Respondent, v. CITY OF BUFFALO, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 2, 1914.) Action by Margaret Wolff against the City of Buffalo. No opinion. Judgment and order affirmed, with costs.

WOODRUFF et al., Respondents, v. CHAPMAN, Appellant, et al. (Supreme Court, Appellate Division, Second Department. December 18, 1914.) Action by Viola F. Woodruff and another, as executors, etc., of David L. Van Nostrand, deceased, against Elverton R. Chapman, and Joseph Cassidy.

PER CURIAM. Final judgment affirmed, with costs. See, also, 161 App. Div. 940, 145 N. Y. Supp. 1150.

CARR, J., not voting.

WORMSER v. MARSHALL FIELD & CO. (Supreme Court, Appellate Division, First Department. December 24, 1914.) Action by Moritz Wormser against Marshall Field & Co. No opinion. Application denied, with $10 costs. Order signed.

ZANELLO, Respondent, v. CULKIN et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. December 4, 1914.) Action by Alexander Zanello against J. Anthony Culkin and another. No opinion. Motion for leave to appeal (149 N. Y. Supp. 1119) to Court of Appeals denied, with $10 costs.

ZEITLIN v. MORRISON et al. (Supreme Court, Appellate Term, First Department. December 4, 1914.) Appeal from City Court of New York, Trial Term. Action by Yetta Zeitlin against Isidor D. Morrison and another. From a judgment for plaintiff, entered upon the verdict of a jury, defendants appeal. Affirmed. Morrison & Schiff, of New York City (Joseph M. Proskauer, of New York City, of counsel), for appellants. Samuel S. Marcus, of New York City, for respondent.

PER CURIAM. Judgment affirmed, with costs.

BIJUR, J. I dissent. The cause of action was against the firm of attorneys for negligently failing to institute a suit on behalf of plaintiff until the statute of limitations had barred it. Plaintiff's original cause of action was against her employers, Gordon & Schlessel, for their alleged negligence, whereby a door was permitted to fall upon the plaintiff while walking in Gordon & Schlessel's shop. On this trial, plaintiff undertook to prove that she had a valid action against Gordon & Schlessel at the time when defendants were retained by her. No proof of actual negligence on the part of the employers was attempted; plaintiff relying, and the case being submitted to the jury, upon the doctrine of res ipsa loquitur. I cannot find in the record any justification for applying that theory. Plaintiff manifestly evaded telling just where the door was situated, and there is, therefore, no proof in the record that it was part of the premises leased by Gordon & Schlessel, and certainly none that it was under their control. Whatever intimation there may be in the record is to the contrary. Thus plaintiff's witness, testifying to an interview immediately after the accident with Mr. Schlessel, says that Schlessel told him that he had an order from the authorities to open and put the door in proper shape, and that he told the elevator man, *an employé of the landlord,* to fix it, and that the elevator man had been fixing it when it fell, and that Schlessel did not know how it happened to fall. As defendants repeatedly pointed out the failure of plaintiff to prove that she had a cause of action against Gordon & Schlessel, through failure to show any negligent act on their part, and adequately excepted to the court's refusal to recognize the point, I think that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

ZILIAK SCHAFER MILLING CO. v. SCHWALL. (Supreme Court, Appellate Division, First Department. December 31, 1914.) Action by the Ziliak Schafer Milling Company against Henry C. Schwall. No opinion. Application denied, with $10 costs. Order signed.

ZORN, Respondent, v. HALLINGS, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 4, 1914.) Action by Fred H. Zorn against Matthew J. Hallings.

PER CURIAM. Judgment and order reversed, and new trial granted, with costs to appellant to abide event. Held, that the verdict of the jury is against the weight of the evidence, both as to defendant's negligence and plaintiff's freedom from contributory negligence.

KRUSE, P. J., and ROBSON, J., dissent.

ZWARICH, Respondent, v. BROOKLYN COOPERAGE CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 13, 1914.) Action by Michael Zwarich, an infant, by Parama Zwarich, his guardian ad litem, against the Brooklyn Cooperage Company.

PER CURIAM. The plaintiff did not sustain the burden of proof. The case made out by plaintiff could at best give rise to two equally probable inferences, one of which would exclude liability on the part of defendant. Judgment and order reversed, and new trial granted; costs to abide the event.